MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
ARMANDO FRANCISCO FLORES, NOE
ESCAMILLA VILLANO, and MARIO
CLEMENTE, *individually and on behalf of*
*others similarly situated,*

                            *Plaintiffs*,

        -against-

CHOWBUS INC. (D/B/A CHOWBUS),
FANTUAN GROUP, INC. (D/B/A
CHOWBUS), CHOWBUS GROCERY LLC
(D/B/A CHOWBUS), CHEN PU, EDDIE
LOU, and LINXIN WEN,

                        *Defendants.*
-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

     Plaintiffs Armando Francisco Flores, Noe Escamilla Villano, and Mario Clemente ,

individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through

their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as

against Chowbus Inc. (d/b/a Chowbus), Fantuan Group, Inc. (d/b/a Chowbus), Chowbus Grocery

LLC (d/b/a Chowbus), ("Defendant Corporations"), Chen Pu,  Eddie Lou, and  Linxin Wen,

("Individual Defendants"), (collectively, "Defendants"), allege as follows:

## NATURE OF ACTION

1.      Plaintiffs are former employees of Defendants Chowbus Inc. (d/b/a Chowbus), Fantuan Group, Inc. (d/b/a Chowbus), Chowbus Grocery LLC (d/b/a Chowbus), Chen Pu, Eddie Lou, and Linxin Wen.

2.       Defendants own, operate, or control a food service delivery application, located at 55 E Jackson Blvd., Ste. 450, Chicago, IL 60604 under the name "Chowbus."

3.      Upon information and belief, individual Defendants Chen Pu, Eddie Lou, and Linxin Wen, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated a delivery application as a joint or unified enterprise.

4.      Plaintiffs were employed as delivery workers at a delivery application located at 55 E Jackson Blvd., Ste. 450, Chicago, IL 60604.

5.      At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that they worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours a day.

8.      Furthermore, Defendants repeatedly failed to pay Plaintiffs wages on a timely basis.

9.      In addition, Defendants maintained a policy and practice of unlawfully appropriating Plaintiffs' and other tipped employees' tips and made unlawful deductions from these Plaintiffs' and

other tipped employees' wages.

10. Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

11. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

12. Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

13. Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

**JURISDICTION AND VENUE**

14. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

15. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district,

Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a food service delivery application located in this district. Further, Plaintiffs were employed by Defendants in this district.

## PARTIES

### *Plaintiffs*

16.     Plaintiff Armando Francisco Flores ("Plaintiff Flores" or "Mr. Flores") is an adult individual residing in Bronx County, New York.

17.     Plaintiff Flores was employed by Defendants at Chowbus from approximately March 2020 until on or about October 2020.

18.     Plaintiff Noe Escamilla Villano ("Plaintiff Escamilla" or "Mr. Escamilla") is an adult individual residing in Bronx County, New York.

19.     Plaintiff Escamilla was employed by Defendants at Chowbus from approximately February 26, 2020 until on or about June 27, 2020.

20.     Plaintiff Mario Clemente ("Plaintiff Clemente" or "Mr. Clemente") is an adult individual residing in New York County, New York.

21.     Plaintiff Clemente was employed by Defendants at Chowbus from approximately May 15, 2020 until on or about September 21, 2020.

### *Defendants*

22.     At all relevant times, Defendants owned, operated or controlled food service delivery application, located at 55 E Jackson Blvd., Ste. 450, Chicago, IL 60604 under the name "Chowbus."

23.     Upon information and belief, Chowbus Inc. (d/b/a Chowbus) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 55 E Jackson Blvd., Ste. 450, Chicago, IL 60604.

24.     Upon information and belief, Fantuan Group, Inc. (d/b/a Chowbus) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 55 E Jackson Blvd., Ste. 450, Chicago, IL 60604.

25.     Upon information and belief, Chowbus Grocery LLC (d/b/a Chowbus) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 55 E Jackson Blvd., Ste. 450, Chicago, IL 60604.

26.     Defendant Chen Pu is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Chen Pu is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Chen Pu possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

27.     Defendant Eddie Lou is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Eddie Lou is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Eddie Lou possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

28.     Defendant Linxin Wen is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Linxin Wen is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Linxin Wen

possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

29.     Defendants operate a food service delivery application in New York City with its corporate headquarters located at 55 E Jackson Blvd., Ste. 450, Chicago, IL 60604.

30.     Individual Defendants, Chen Pu, Eddie Lou, and Linxin Wen, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

31.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

32.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

33.     Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

34.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

35.     Upon information and belief, Individual Defendants Chen Pu, Eddie Lou, and Linxin Wen operate Defendant Corporations as either alter egos of themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b)  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f)  intermingling assets and debts of their own with Defendant Corporations,

g)  diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

36.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, have controlled the terms and conditions of employment, and have determined the rate and method of any compensation in exchange for Plaintiffs' services.

37.     During 2020, Defendants had, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

38.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that are used in a delivery application on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

39.     Plaintiffs are former employees of Defendants who were employed as delivery workers.

40.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Armando Francisco Flores*

41.     Plaintiff Flores was employed by Defendants from approximately March 2020 until on or about October 2020.

42.     Defendants employed Plaintiff Flores as a delivery worker.

43.     Plaintiff Flores regularly handled goods in interstate commerce, such as a delivery application and other supplies produced outside the State of New York.

44.     Plaintiff Flores's work duties required neither discretion nor independent judgment.

45.     Throughout his employment with Defendants, Plaintiff Flores regularly worked in excess of 40 hours per week.

46.     From approximately March 2020 until on or about October 2020, Plaintiff Flores worked from approximately 11:00 a.m. until on or about 10:00 p.m., 6 days a week (typically 66 hours per week).

47.     Throughout his employment, Defendants paid Plaintiff Flores his wages by direct deposit.

48.     From approximately March 2020 until on or about August 2020, Defendants paid Plaintiff Flores a fixed salary of $150 per day.

49.     From approximately September 2020 until on or about October 2020, Defendants paid Plaintiff Flores a fixed salary of $135 per day.

50.     Plaintiff Flores's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

51.     For example, Defendants required Plaintiff Flores to continue working an additional 30 minutes past his scheduled departure time once or twice a month, and did not pay him for the additional time he worked.

52.     Plaintiff Flores was never notified by Defendants that his tips were being included as an offset for wages.

53.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Flores's wages.

54.     Defendants withheld all of Plaintiff Flores's tips.

55.     Plaintiff Flores was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

56.     Defendants took improper and illegal deductions from Plaintiff Flores's wages; specifically, Defendants deducted half the value of any mistaken order from Plaintiff Flores's weekly wages.

57.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Flores regarding overtime and wages under the FLSA and NYLL.

58.     Defendants did not provide Plaintiff Flores an accurate statement of wages, as required by NYLL 195(3).

59.     Defendants did not give any notice to Plaintiff Flores, in English and in Spanish (Plaintiff Flores's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

60.     Defendants required Plaintiff Flores to purchase "tools of the trade" with his own funds—including one electric bicycle.

*Plaintiff Noe Escamilla Villano*

61.     Plaintiff Escamilla was employed by Defendants from approximately February 26, 2020 until on or about June 27, 2020.

62.     Defendants employed Plaintiff Escamilla as a delivery worker.

63.     Plaintiff Escamilla regularly handled goods in interstate commerce, such as a delivery application and other supplies produced outside the State of New York.

64.     Plaintiff Escamilla's work duties required neither discretion nor independent judgment.

65.     Throughout his employment with Defendants, Plaintiff Escamilla regularly worked in excess of 40 hours per week.

66.     From approximately February 26, 2020 until on or about March 25, 2020, Plaintiff Escamilla worked from approximately 11:30 a.m. until on or about 10:00 p.m., 6 days a week (typically 63 hours per week).

67.     From approximately March 25, 2020 until June 2020, Plaintiff Escamilla worked from approximately 11:30 a.m. until on or about 10:00 p.m., 3 to 4 days a week (typically 38 to 47.5 hours per week).

68.     Throughout his employment, Defendants paid Plaintiff Escamilla his wages by direct deposit.

69.     From approximately February 26, 2020 until on or about May 2020, Defendants paid Plaintiff Escamilla a fixed salary of $150 per day.

70.     From approximately May 2020 until June 2020, Defendants paid Plaintiff Escamilla a fixed salary of $135 per day.

71.     Plaintiff Escamilla never was notified by Defendants that his tips were being included as an offset for wages.

72.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Escamilla's wages.

73.     Defendants withheld all of Plaintiff Escamilla's tips.

74.     Plaintiff Escamilla was not required to keep track of his time, nor to his knowledge, did the Defendants utilized any time tracking device such as punch cards, that accurately reflected his actual hours worked.

75.     Defendants took improper and illegal deductions from Plaintiff Escamilla's wages; specifically, Defendants deducted $200.00 from Plaintiff Escamilla's weekly wages for mistakes made on orders and deducted $50.00 to $100.00 every week from Plaintiff Escamilla's weekly wages.

76.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Escamilla regarding overtime and wages under the FLSA and NYLL.

77.     Defendants never provided Plaintiff Escamilla an accurate statement of wages, as required by NYLL 195(3).

78.     Defendants never gave any notice to Plaintiff Escamilla, in English and in Spanish (Plaintiff Escamilla's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

79.     Defendants required Plaintiff Escamilla to purchase "tools of the trade" with his own funds—including one bicycle.

*Plaintiff Mario Clemente*

80.     Plaintiff Clemente was employed by Defendants from approximately May 15, 2020 until on or about September 21, 2020.

81.     Defendants employed Plaintiff Clemente as a delivery worker.

82.     Plaintiff Clemente regularly handled goods in interstate commerce, such as a delivery application and other supplies produced outside the State of New York.

83.     Plaintiff Clemente's work duties required neither discretion nor independent judgment.

84.     Throughout his employment with Defendants, Plaintiff Clemente regularly worked in excess of 40 hours per week.

85.     From approximately May 15, 2020 until on or about September 21, 2020, Plaintiff Clemente worked from approximately 11:00 a.m. until on or about 10:00 p.m., 6 days a week (typically 66 hours per week).

86.     Throughout his employment, Defendants paid Plaintiff Clemente his wages by direct deposit.

87.     From approximately May 15, 2020 until on or about September 21, 2020, Defendants paid Plaintiff Clemente $15.00 per hour.

88.     Plaintiff Clemente was never notified by Defendants that his tips were being included as an offset for wages.

89.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Clemente's wages.

90.     Defendants withheld a portion of Plaintiff Clemente's tips; specifically, Defendants withheld approximately $400 to $600 in tips.

91.     Plaintiff Clemente was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

92.     Defendants took improper and illegal deductions from Plaintiff Clemente's wages; specifically, Defendants deducted $100.00 from Plaintiff Clemente's weekly wages for mistakes made on orders.

93.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Clemente regarding overtime and wages under the FLSA and NYLL.

94.     Defendants did not provide Plaintiff Clemente an accurate statement of wages, as required by NYLL 195(3).

95.     Defendants did not give any notice to Plaintiff Clemente, in English and in Spanish (Plaintiff Clemente's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

96.     Defendants required Plaintiff Clemente to purchase "tools of the trade" with his own funds—including one bicycle, one bookbag and one raincoat.

*Defendants' General Employment Practices*

97.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

98.     Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

99.     Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, and resulted in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

100.     Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

101.     Plaintiffs and all other tipped workers were paid at a rate that was below minimum wage by Defendants.

102.     In violation of federal and state law as codified above, Defendants classified these Plaintiffs and other tipped workers as tipped employees, and paid them at a rate that was below minimum wage when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

103.     Defendants failed to inform Plaintiffs who received tips that Defendants intended to take a deduction against Plaintiffs' earned wages for tip income, as required by the NYLL before any deduction may be taken.

104.     Defendants failed to inform Plaintiffs who received tips, that their tips were being credited towards the payment of the minimum wage.

105.     Defendants failed to maintain a record of tips earned by Plaintiffs who worked as delivery workers for the tips they received.

106.     As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiffs who received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving delivery workers of a portion of the tips earned during the course of employment.

107.     Defendants unlawfully misappropriated charges purported to be gratuities received by tipped Plaintiffs, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

108.     Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive or forgo the tip credit and pay them the full hourly minimum wage.

109.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

110.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

111.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

112.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

113.     Defendants' unlawful conduct is intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

114.     Defendants failed to provide Plaintiffs  and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

115.     Defendants failed to provide Plaintiffs  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

116.     Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf

of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

117.    At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and were subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

118.    The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

119.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

120.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

121.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

122.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

123.    Defendants failed to pay Plaintiffs (and the FLSA Class members) at the applicable

minimum hourly rate, in violation of 29 U.S.C. § 206(a).

124.     Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate is willful within the meaning of 29 U.S.C. § 255(a).

125.     Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

126.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

127.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

128.     Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

129.     Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

130.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

131.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

132.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

133.     Defendants' failure to pay Plaintiffs the minimum wage is willful within the meaning of N.Y. Lab. Law § 663.

134.     Plaintiffs were damaged in an amount to be determined at trial.

<u>**FOURTH CAUSE OF ACTION**</u>

**VIOLATION OF THE OVERTIME PROVISIONS**

**OF THE NEW YORK STATE LABOR LAW**

135.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

136.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

137.     Defendants' failure to pay Plaintiffs overtime compensation is willful within the meaning of N.Y. Lab. Law § 663.

138.     Plaintiffs were damaged in an amount to be determined at trial.

<u>**FIFTH CAUSE OF ACTION**</u>

**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**

**OF THE NEW YORK COMMISSIONER OF LABOR**

139.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

140.     Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours has exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

141.     Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs'

spread of hours exceeded ten hours is willful within the meaning of NYLL § 663.

142.     Plaintiffs were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

143.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

144.     Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish

(Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by

the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of

the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by

the employer; the name of the employer; any "doing business as" names used by the employer; the

physical address of the employer's main office or principal place of business, and a mailing address

if different; and the telephone number of the employer, as required by NYLL §195(1).

145.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs

and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

146.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

147.     With each payment of wages, Defendants failed to provide Plaintiffs with an accurate

statement listing each of the following: the dates of work covered by that payment of wages; name

of employee; name of employer; address and phone number of employer; rate or rates of pay and

basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

148.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

149.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

150.    Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

151.    Plaintiffs were damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION

### OF THE NEW YORK LABOR LAW

152.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

153.    At all relevant times, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

154.    New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities

received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

155.     Defendants unlawfully misappropriated a portion of Plaintiffs' tips that were received from customers.

156.     Defendants knowingly and intentionally retained a portion of Plaintiffs' tips in violations of the NYLL and supporting Department of Labor Regulations.

Plaintiffs were damaged in an amount to be determined at trial.

## TENTH CAUSE OF ACTION

## UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION

## OF THE NEW YORK LABOR LAW

157.     Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

158.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

159.     Defendants made unlawful deductions from Plaintiffs' wages; specifically, Defendants deducted any mistakes made on orders from Plaintiffs weekly wages.

160.     The deductions made from Plaintiffs' wages were not authorized or required by law.

161.     Through their knowing and intentional efforts to take unauthorized deductions from Plaintiffs' wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

Plaintiffs were damaged in an amount to be determined at trial.

## ELEVENTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

162.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

163.    Defendants not paid Plaintiffs on a regular weekly basis, in violation of NYLL §191.

164.    Defendants are liable to each Plaintiff in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA are willful as to Plaintiffs and the FLSA Class members;

(f)     Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiffs;

(k)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiffs;

(l)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(m)     Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order are willful as to Plaintiffs;

(n)     Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(o)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent

(100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)     Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(r)      Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(s)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

 Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York

February 3, 2021

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:      /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

December 8, 2020

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:          Armando Francisco Flores

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:           8 de Diciembre de 2020

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                                                 Telephone: (212) 317-1200
New York, New York 10165                                                                 Facsimile: (212) 317-1620

_____

Faillace@employmentcompliance.com

January 28, 2021

BY HAND

TO:      Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Mario Clemente

Legal Representative / Abogado:      Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                          28 de Enero de 2021

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165
Faillace@employmentcomplieance.com

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

December 7, 2020

BY ELECTRONIC SIGNATURE

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Noe EScamilla

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     7 de diciembre 2020

*Certified as a minority-owned business in the State New York*