UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
ARMANDO FRANCISCO FLORES, et al.,                            :
                                                             :
                                    Plaintiffs,              :
                                                             :         21-CV-970 (VSB)
                -against-                                    :
                                                             :         <u>**ORDER**</u>
CHOWBUS, INC., et al.,                                       :
                                                             :
                                    Defendants.              :
                                                             :
------------------------------------------------------------ X

<u>VERNON S. BRODERICK, United States District Judge</u>:

      Currently before me are the parties' Rule 68 filings and proposed judgment, ("Rule 68 filings"), filed on October 31, 2022. (Docs. 84 –85.)  The parties submitted the Rule 68 filings after notifying the Court on October 21, 2022 that they were close to settlement.  (Doc 83.)  The proposed judgment submitted for my endorsement in relevant part states that Defendants extended an offer of judgement in the amount of $120,000 to Plaintiffs pursuant to Rule 68, and requests that I order that Plaintiffs have judgment against Defendants "in the amount of One Hundred Twenty Thousand Dollars and Zero Cents ($120,000.00) which is inclusive of attorneys' fees and costs."

<u>**Discussion**</u>

      In *Cheeks v. Freeport Pancake House, Inc.*, the Second Circuit determined that Fair Labor Standards Act ("FLSA") settlements have "unique policy considerations", explaining that

> [r]equiring judicial or [Department of Labor] approval of such settlements is consistent with what both the Supreme Court and our Court have long recognized as the FLSA's underlying purpose: to extend the frontiers of social progress by insuring to all our able-bodied working men and women a fair day's pay for a fair day's work.

796 F.3d 199, 206 (2d Cir. 2015) (citation omitted).  The Second Circuit then cited numerous examples of rejected FLSA settlements to highlight the potential for abuse in such settlements and to underscore the necessity of judicial approval in the FLSA setting.[1]  Nonetheless, in 2019, the Second Circuit determined that "judicial approval is not required of Rule 68(a) offers of judgment settling FLSA claims." *Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 414 (2d Cir. 2019).  In light of this unqualified language, I find that *Mei Xing Yu* compels me to enter judgment in accordance with the parties' Rule 68 offer and acceptance of judgment.

However, I note that the result here appears inconsistent with the Second Circuit's holding in *Cheeks* and that, absent further clarity from the Second Circuit or legislative action, the holding in *Mei Xing Yu* threatens to dramatically curtail the purpose behind the *Cheeks* decision—to protect workers' wages.  The rule announced in *Mei Xing Yu* will allow parties to "use Rule 68(a) as an end run to accomplish what *Cheeks* forbade."  *Mei Xing Yu*, 944 F.3d at 425–26 (Calabresi, J., dissenting) (internal quotation marks omitted).  "As the Second Circuit recognized in *Cheeks*, abuse is clearly evident even in FLSA cases involving offers of judgment under Rule 68."  *De Jesus Torres v. HWF Realty Mgmt., Inc.*, No. 18 CIV. 994 (PAC), 2020 WL 995861, at *2 (S.D.N.Y. Mar. 2, 2020).

Under *Mei Xing Yu*, district courts, "faced with settlements that they would have previously declined to approve pursuant to *Cheeks*, due to attorneys' fees being too high, or the general release being too broad, for example, [are] forced to direct the Clerk of the Court to enter judgments submitted pursuant to Rule 68."  *Id*.  This newfound ability for parties to submit broad

---

[1] One example cited in *Cheeks* involved a FLSA case where multiple plaintiffs accepted Rule 68 offer of judgments for $100, because they were "unemployed and desperate for any money they [could] find." Ultimately, the District Court rejected the offers of judgment and the case settled with plaintiffs receiving "more than $25,000" each. *See, Cheeks* 796 F.3d at 206*, citing Walker v. Vital Recovery Servs., Inc.,* 300 F.R.D. 599, 600 (N.D. Ga. 2014)

and unreasonable terms and evade *Cheeks* scrutiny certainly "conflicts with the spirit of" the Second Circuit's holding in *Cheeks*, which is designed "to prevent abuses by unscrupulous employers, and remedy the disparate bargaining power between employers and employees." *Segarra v. United Hood Cleaning Corp.*, No. 15-CV-656 (VSB), 2016 U.S. Dist. LEXIS 189293, at *2 n.1 (S.D.N.Y. Jan. 6, 2016) (internal quotation marks omitted).

    Here, the parties informed me on October 21, 2022 that they were close to settlement, (Doc 83), not that an offer of judgment had been made. This suggests to me that the parties had engaged in settlement negotiations. In addition, the parties' Notice of Acceptance with Offer of Judgement and Proposed Judgement are notable for the complete lack of information within them. The only information provided in those documents is the amount of the settlement ($120,000), and notice that the sum includes Plaintiffs' attorneys' fees. (Doc. 85.) Because of this, it is impossible for me to evaluate whether this agreement would be "fair and reasonable" under *Cheeks*. Under *Cheeks*, district courts evaluated the "reasonableness of the [attorneys'] fees and costs", *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020), and "routinely reject[ed] release provisions that 'waive[d] practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (internal quotation marks omitted). Without any information about how much Plaintiffs' attorneys' fees are or what percentage of the total settlement they amount to, it is impossible for me to ascertain whether the attorneys' fees are reasonable. Further, because the agreement and proposed judgment contains no information regarding any waivers or releases Plaintiffs have agreed to, it is impossible for me to judge whether there are overbroad release provisions or

waivers that would cause me to reject a FLSA settlement under a typical *Cheeks* approval process.

Notwithstanding my concerns regarding the use of Rule 68 to circumvent judicial scrutiny of FLSA settlements, Second Circuit precedent requires me to enter the offer of judgment submitted to the Court at Doc. 85.  The Clerk of the Court is respectfully directed to close the case.

SO ORDERED.

Dated: November 7, 2022
New York, New York

Vernon S. Broderick
United States District Judge